U.IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| IN RE. | CHAPTER 13 |
|---|---|
| Leah Chavie | Case No.  22-14470 |
|  | Judge  Thorne |
| Debtor | Trustee  Marshall |

## NOTICE OF MOTION

**TO:**
See attached List

**PLEASE TAKE NOTICE THAT on February 22, 2023, at 9:30 a.m.,** I shall appear before the Honorable Deborah L. Thorne or any other judge sitting in his stead, in Room 682 of the U.S. Bankruptcy Court, Eastern Division, 219 S. Dearborn St. Chicago, Illinois, 60604 or electronically as described below, and present the **Debtor's Motion to Determine Value of Claim Secured by a Lien**, a copy of which is attached.

All parties in interest, including the movant, may appear for presentment of the motion either in person or electronically using Zoom for Government.

You may appear electronically by video or telephone.

To appear by video, use this link:  https://www.zomgov.com/. Then enter the meeting ID and passcode.

To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

Meeting ID and passcode.  The meeting ID for this hearing is: **160 9362 1728.**  No passcode is required. The meeting ID and passcode can also be found on the Judge's page on the court's web site.

If you object of this motion and want it called on the presentment date above, you must file a Notice of Objection no later than (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called in the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By /s/ Laxmi P. Sarathy

## CERTIFICATE OF SERVICE

I,  Laxmi P. Sarathy,  certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on:  February 3, 2023,  before 5:00 pm.

/s/ Laxmi P. Sarathy

1

**SERVICE LIST**

<u>Via ECF only:</u>
Chapter 13 Trustee, Marilyn o. Marshall, 224 S. Michigan, Ste 800, Chicago, IL 60604
US Trustee, Region 11, 219 S Dearborn St, Rm 873, Chicago, IL 60604

<u>Via U.S. Mail:</u>

David M. Katinsky
Chief, CTS – Northern
Tax Division (DOJ)
PO Box 55
Ben Franklin Station,
Washington DC 20044

United States Attorney
Civil Process Clerk
219 South Dearborn Street, Room 500
Chicago, IL 60604

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101

AND

See attached Service List

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE. | | CHAPTER 13 |
| | Leah Chavie | Case No. 22-14470 |
| | | Judge Thorne |
| | Debtor | Trustee Marshall |

## DEBTOR'S MOTION TO VALUE THE CLAIM SECURED BY A LIEN

Leah Chavie ("Debtor"), by and through her attorney, Laxmi P. Sarathy, of Whitestone, P.C. moves this Court for an order determining the value of, and the security interest status of, the lien of the Internal Revenue Service, ("IRS") on the real property located at 350 Belden Avenue, Unit 402, Chicago, Illinois (Property), pursuant to 11 U.S.C. § 506(a), § 506(d), and the Fed. R. Bankr. Proc. 3012.  In support, she states as follows.

1. On December 15, 2022, Debtor filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code.

2. Confirmation is currently pending and has been scheduled for March 1, 2023.

3. On Schedule A of Debtor's Petition for Relief, the Debtor indicated that she owns real property located at 350 Belden Avenue, Unit 402, Chicago, Illinois.  *See* Schedule A attached as Exhibit 1.

4. On October 31, 2022, Debtor signed the attached contract for the sale of the Property for $400,900.00 ("Contract").  *See* copy of the executed Contract, attached as Exhibit 2.

5. Debtor's interest in the Property is encumbered by a mortgage originated by Mortgage Electronic Registration Systems ("MERS"), which was recorded as a lien on the Property on January 23, 2015, as Document Number 1503333040.  MERS assigned this mortgage to US Bank, National Association ("US Bank") on September 1, 2021, as Document Number 2124408107.  An unofficial copy obtained from the Cook County Recorder of

1

Deeds is attached as Exhibit 3.

6. Pursuant to a payoff statement obtained by the Debtor on November 14, 2022, the Debtor owed a balance of $381,972.22.

7. After the lien of US Bank is paid in full, and all costs of sale are paid, Debtor does not expect to receive any net proceeds. To the extent, any proceeds are available, Debtor wishes to tender said proceeds into the Chapter 13 for disbursement pursuant to the Chapter 13 Plan.

8. IRS holds four liens in the combined total amount of $247,722.60, pursuant to a Notice of Federal Tax Lien against the Debtor, as follows:

   i. In the amount of $157,292.81, recorded on September 29, 2015, as document number 1527201145, with the Cook County Recorder of Deeds. *See* Title Commitment attached as Exhibit 4.

   ii. In the amount of $30,541.48, recorded on January 8, 2016, as document number 1600804052, with the Cook County Recorder of Deeds. Id.

   iii. In the amount of $35,736.38, recorded on November 15, 2016, as document number 1632001127, with the Cook County Recorder of Deeds. Id.

   iv. In the amount of $24,151.90, recorded on July 6, 2018, as document number 1818712152, with the Cook County Recorder of Deeds. Id.

9. Pursuant to Rule 3012, "the court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim…"

10. Pursuant to § 506 (a), "an allowed claim of a creditor secured by a lien on property in which the estate has an interest … is an unsecured claim to the extent that the value of

2

such creditor's interest … is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition…"

11. Pursuant to § 506(d), "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…"

12. Values in this case are as follows:

| | | |
|---|---|---:|
| i. | Fair Market Value of the Debtor's Real Property | $400,900.00 |
| ii. | Balance of 1st Mortgage to US Bank | $381,972.22 |
| iii. | Estimated costs of selling the Real Property | $38,198.00 |
| iv. | Balance of IRS's liens | $247,722.60 |
| | Value left for IRS's lien to attach | $0.00 |

13. Debtor states that there is no equity in the Property and pursuant to §506(a), IRS has no allowable security interest in the claim for IRS.

14. For the reasons set forth in the Motion, the relief requested therein is necessary on an immediate basis; if such relief is not granted, the Debtor will not be able to close.

15. Notice of this will be provided to all entities who have an interest in the Property as required under Fed. R. Bankr. Proc. 2002.

**Wherefore**, the Debtor respectfully requests that an Order be entered authorizing the Debtor to sell the properties located at 350 Belden Avenue, Unit 402, Chicago, Illinois, shorten the notice period to that given, and for such other relief as the interest of equity and justice require.

Respectfully submitted,

Leah Chavie,
Debtor

By: /s/ Laxmi P. Sarathy
Counsel for the Debtor

Laxmi P. Sarathy, 6297529
Whitestone, P.C.
17W775 Butterfield Road,
Suite 114
Oakbrook Terrace, IL 60181
Tel:  312-674-7965;
Fax:  312-873-4774;
Email:  lsarathy@whitestonepc.com