# UNITED STATES BANKRUPTCY COURT
# NORTHIN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | CASE NO. 22-14470 |
| | ) | |
| LEAH R. CHAVIE., | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## OBJECTION TO DEBTOR'S MOTION TO VALUE THE CLAIM SECURED BY A LIEN

Ascentium Capital LLC ("Ascentium"), by and through its undersigned counsel, hereby objects to the *Debtor's Motion to Value the Claim Secured by a Lien* [Doc. 28] (the "Valuation Motion") filed by Leah R. Chavie ("Debtor"), respectfully requesting that the Court deny the same. In support of this objection, Ascentium respectfully states as follows:

### BACKGROUND

1. Ascentium is owed, among other amounts, $276,613.56 pursuant to a judgment entered in favor of Ascentium and against the Debtor on July 20, 2022, which amount is secured by a corresponding judgment lien recorded with the Cook County Clerk at Doc. No. 2229325013 (the "Judgment"). The Judgment consists of the principal amount of $266,909.21, together with interest at the statutory rate of 9% pursuant to 735 ILCS 5/2-1303 in the amount of $9,740.35 as of the petition date.[1] A true and correct copy of the Judgment is attached hereto as Exhibit 1.

### OBJECTION

2. On February 3, 2023, Debtor filed the *Debtor's Motion to Sell Real Estate Pursuant to Section 363* [Doc. 24] (the "Sale Motion"). Pursuant to the Sale Motion, Debtor seeks authority to sell real property commonly known as 350 Belden Avenue, Unit 402, Chicago, Illinois (the "Real

---

[1] Ascentium filed a proof of claim in relation to the judgment amount on February 6, 2023 [Claim 11].

14375794.3

Estate") free and clear of any and all liens, claims, interests, or encumbrances, including Ascentium's Judgment lien.

3. Pursuant to the Valuation Motion, Debtor seeks to value Ascentium's secured claim at $0.00 based on the $400,900.00 purchase price for the Real Estate set forth in the Sale Motion. While Debtor might be correct that there will be insufficient proceeds to pay Ascentium's secured claim, there is no reason to determine its value by way of the Valuation Motion in view of a pending sale. If the sale contemplated by the Sale Motion closes, then the market will have spoken as to the value of the Real Estate—and corresponding secured claims—and nothing further need be done. All liens and claims will attach to the proceeds in accordance with their respective priorities pursuant to 11 U.S.C. § 363(f). Some secured claims will get paid, others will not.

4. The danger in valuing Ascentium's secured claim outside of the context of a sale lies in the fact that the $400,900 sale *might not* close and, if it does not, then the entire premise of the Valuation Motion will be invalid *ab initio*. Were the Court to grant to the Value Motion, Ascentium could be left in the precarious situation of having a "valueless" secured claim even in view of a future sale of the Real Estate—one that could fetch significantly *more* than $400,900.00 and otherwise rendering Ascentium "in the money."[2]

## RESERVATION OF RIGHTS

5. Ascentium reserves the right to amend, supplement, or otherwise modify this objection as necessary or proper; to raise such other and further objections to Plan confirmation at or before any hearing(s) thereon including the confirmation hearing; and/or to request any appropriate relief, including without limitation, relief from the automatic stay of Section 362 as necessary or proper.

---

[2] The Valuation Motion might serve a purpose if Debtor were proposing to restructure the debt secured by the Real Estate, which Debtor is not proposing.

14375794.3

WHEREFORE, Ascentium respectfully requests that the Court enter an order denying the Valuation Motion without prejudice.

February 10, 2023                                       Respectfully submitted,

*/s/ Sarah Dunkley*
*One of the Attorneys for*
*Ascentium Capital LLC*

Sarah Dunkley (ARDC # 6329204)
Hahn Loeser & Parks LLP
200 West Madison Street
Suite 2700
Chicago, Illinois 60606
Phone: (312) 637-3000
sdunkley@hahnlaw.com

Rocco I. Debitetto (Ohio I.D. 0073878)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
ridebitetto@hahnlaw.com

14375794.3

## CERTIFICATE OF SERVICE

I, Sarah Dunkley, certify that on February 10, 2023, I caused a true and correct copy of the foregoing Objection to Confirmation of Chapter 13 Plan to be filed using the Court's Electronic Case Filing System on these entities and individuals which with generate service upon those parties who are listed on the Court's Electronic Mail Notice List.

The following is the list of **parties** who are currently on the list to receive email notice/service for this case:

**Kathryn A Klein on behalf of Creditor TD Bank, N.A., successor in interest to TD Auto Finance LLC**
**iln@riezmanberger.com, rbadmin@ecf.courtdrive.com**

**Patrick S Layng**
**USTPRegion11.ES.ECF@usdoj.gov**

**Marilyn O Marshall**
**courtdocs@chi13.com**

**Samantha C San Jose on behalf of Creditor U.S. Bank National Association**
**ssanjose@raslg.com**

**Laxmi P Sarathy on behalf of Debtor 1 Leah R Chavie**
**lsarathylaw@gmail.com, courtdocs@whitestonelawgroup.com**

And by regular U.S. Mail, postage prepaid, on:

**PRA Receivables Management, LLC**
**PO Box 41021**
**Norfolk, VA 23541**

/s/ *Sarah Dunkley*
*One of the Attorneys for Ascentium Capital LLC*
