**UNITED STATES BANKRUPTCY COURT**
**NORTHIN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | **CASE NO. 22-14470** |
| | ) | |
| **LEAH R. CHAVIE,** | ) | **CHAPTER 13** |
| | ) | |
| Debtor. | ) | |
| | ) | |

## OBJECTION TO CONFIRMATION OF THE AMENDED CHAPTER 13 PLAN

Ascentium Capital LLC ("Ascentium"), by and through its undersigned counsel, hereby objects to confirmation of the Amended Chapter 13 Plan [Doc. 51] (the "Plan") filed by Leah R. Chavie ("Debtor"), respectfully requesting that the Court deny confirmation of the same. In support of this objection, Ascentium respectfully states as follows:

### BACKGROUND

1.      Ascentium is owed, among other amounts, $276,649.56 pursuant to a judgment entered in favor of Ascentium and against the Debtor on July 20, 2022, which amount is secured by a corresponding judgment lien recorded with the Cook County Clerk at Doc. No. 2229325013 (the "Judgment"). The Judgment consists of the principal amount of $266,909.21, together with interest at the statutory rate of 9% pursuant to 735 ILCS 5/2-1303 in the amount of $9,740.35 as of the petition date. A true and correct copy of the Judgment is attached hereto as Exhibit 1. A true and correct copy of Proof of Claim No. 11-1, filed on behalf of Ascentium and corresponding to the Judgment, is attached hereto as Exhibit 2.[1]

---

[1] Ascentium also filed a second proof of claim for an additional, unsecured, amount of $12,119.16 owed by Debtor. *See* Proof of Claim No. 10-1.

14480488.2

**OBJECTION**

**Debtor Seeks to Reorganize Non-Debtors**

2.      Debtor indicates that she does business as "Leah Chavie Skin Care, LLC" and "LRC, LLC" Voluntary Petition, Part I, Section 1.  Leah Chavie Skin Care, LLC in fact, is the name of two limited liability companies organized by Debtor, one under the laws of the State of Illinois (IL Secretary of State File No. 04225538), and another under the laws of the State of Florida (FEI Number: 85-2322465).  Similarly, LRC, LLC is a limited liability company organized by Debtor under the laws of the State of Illinois (Illinois Secretary of State File No. 03143856).[2]  These limited liability companies are ineligible for relief under Bankruptcy Code Chapter 13.  11 U.S.C.§ 109(e) (limiting chapter 13 relief to individuals).

3.      Debtor apparently seeks to readjust her personal obligations and reorganize those of her non-Debtor limited liability companies in her personal Chapter 13 Case.  This clearly bears out in Part 6 of the Plan, where Debtor seeks to pay, cumulatively, *$7,100* per month to various landlords pursuant to business/commercial leases ($4,300 directly to two business landlords; $2,800 through the Chapter 13 Trustee for payment of a combined lease of a business and Debtor's personal residence).  Equally concerning is the fact that the Plan denotes that there are no arrearages owed to any of these landlords, thus it appears that Debtor has been spending $7,100/month in property of the estate to pay the obligations of her non-Debtor limited liability companies.  It is entirely improper for Debtor to be funding the obligations of non-Debtor entities pursuant to the Plan.  These proceeds should be used to pay general unsecured creditors of Debtor only.

4.      Debtor indicates that she "intends to dissolve" these limited liability companies and operate as a sole proprietorship, see Schedule B, Item 19 of Debtor's Schedules of Assets and

---

[2] LRC, LLC also has the assumed name "Leah Chavie Skincare Boutique" (File No. 03143856).

Liabilities (Doc. 1).[3]  Debtor also indicates that she "wishes to consolidate the businesses from the two LLCs [when, in fact, there are three,] into one to reduce her overhead expenses in the two locations."  Plan Section 8 (Nonstandard Plan Provisions).  Addressing the assets, liabilities, or other restructuring of these entities here—in Debtor's *personal* bankruptcy—is wholly inappropriate.  If these entities are dissolved, Debtor—as principal—has an obligation to do so in accordance with state law and/or filing separate bankruptcies for each of these limited liability companies.  In each instance, the assets and liabilities of each entity would be treated separately, as they should.

5.     Accordingly, the Plan should not be confirmed pursuant to 11 U.S.C. § 1325(a)(1), because it does not comply with other applicable provisions of the Bankruptcy Code; pursuant to 11 U.S.C. § 1325(a)(3), because it does not appear to have been proposed in good faith; and pursuant to 11 U.S.C. § 1325(a)(7), because Debtor's attempt to "sweep up" non-Debtor entities that are ineligible for relief under Chapter 13 does not amount to filing a petition in good faith.

**Secured Creditors**

6.     The Plan makes no reference to or provision for amounts owed pursuant to the Judgment, which are secured pursuant to the Judgment and corresponding lien on 350 Belden Avenue, Unit 402, Chicago, Illinois ("Real Property"); therefore, the Plan does not comply with 11 U.S.C. § 1325(a)(5) and should not be confirmed.  Debtor filed an [Amended] Motion to Sell Real Estate Pursuant to Section 363 (Doc. 52) seeking to sell the Real Property.  At a minimum, the Plan should provide that all claims secured by the Real Property and not paid by the net proceeds of the

---

[3] Moreover, Debtor asserts that each of these limited liability companies have limited assets and liabilities ($6,500 for Leah Chavie Skin Care, LLC, and $4,500 for LRC, LLC), but Debtor altogether ignores that Ascentium has a Judgment in the amount of $276,649.56 against both of these entities (and Debtor).   See Schedule B, Item 19 of Debtor's Schedules of Assets and Liabilities (Doc. 1) & Exhibit 1 (Judgment).

Real Property, if it is sold, shall be allowed and paid as general unsecured claims, to the extent of their respective deficiency balances.

## Additional Real Estate Issues

7.    Section 6.1 of the Plan provides for a number of leases that the Debtor indicates are being assumed by checking the corresponding box in Section 6.1. These give rise to at least three issues.

8.    First, to the extent these leases are in the names of Debtor's businesses, they cannot be assumed pursuant to the Plan because these businesses are non-Debtor entities. *See supra* herein. Debtor should identify for the Court and creditors all parties to such leases and provide copies of the same.

9.    Second, among these leases is one for a "month to month to month lease. Debtor is the landlord. Debtor intends to sell this property and *reject* the lease." Plan, Section 6.1 (emphasis added). This presents two questions. First, does this lease correspond to the Real Property identified above, or some other real property that Debtor has not disclosed? Second, is Debtor ultimately assuming or rejecting this lease pursuant to the Plan?

10.    Finally, Section 6.1 of the Plan also references two leases with landlord Stelios Kontos, one for what appears to be a property utilized by one of Debtor's businesses and as her personal residence, and another for a strictly personal residence. Does Debtor have two residences? More importantly, *should* Debtor be paying for two residences, when such proceeds could be paid to general unsecured creditors?

## CONCLUSION

11.    Despite having several separate and independent reasons to deny Plan confirmation, in the event that the Court nevertheless confirms the Plan, the confirmation order should expressly provide that (a) neither the Plan, nor the confirmation order, affects any rights, claims, causes of

14480488.2

action, or remedies of any creditors with respect to any non-Debtor third parties including, without limitation, Leah Chavie Skin Care, LLC (as organized in both Illinois and Florida) and LRC, LLC; (b) no non-Debtor third parties shall receive a discharge in Debtor's bankruptcy case; (c) all claims secured by the Real Property and not paid by the net proceeds of the Real Property, if it is sold, shall be allowed and paid as general unsecured claims, to the extent of their respective deficiency balances; and (d) none of the leases identified in Section 6.1 of the Plan under which the tenant is anybody other than Debtor are assumed or rejected pursuant to the Plan, or are otherwise subject to the instant bankruptcy case.

## RESERVATION OF RIGHTS

12.    Ascentium reserves the right to amend, supplement, or otherwise modify this objection as necessary or proper; to raise such other and further objections to Plan confirmation at or before any hearing(s) thereon including the confirmation hearing; and/or to request any appropriate relief, including without limitation, relief from the automatic stay of Section 362 as necessary or proper.

March 17, 2023

Respectfully submitted,

*/s/ Sarah Dunkley*
Sarah Dunkley
Hahn Loeser & Parks LLP
200 West Madison Street
Suite 2700
Chicago, Illinois 60606
Phone: (312) 637-3000
sdunkley@hahnlaw.com

Rocco I. Debitetto (Ohio I.D. 0073878)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
ridebitetto@hahnlaw.com

*Attorneys for Ascentium Capital LLC*

14480488.2

## <u>CERTIFICATE OF SERVICE</u>

I, Sarah Dunkley, an attorney, certify that on March 17, 2023, a true and correct copy of the *Objection to Confirmation of the Amended Chapter 13* Plan was served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

**Kathryn A Klein on behalf of Creditor TD Bank, N.A., successor in interest to TD Auto Finance LLC**
**iln@riezmanberger.com, rbadmin@ecf.courtdrive.com**

**Patrick S Layng**
**USTPRegion11.ES.ECF@usdoj.gov**

**Marilyn O Marshall**
**courtdocs@chi13.com**

**Samantha C San Jose on behalf of Creditor U.S. Bank National Association**
**ssanjose@raslg.com**

**Laxmi P Sarathy on behalf of Debtor 1 Leah R Chavie**
**lsarathylaw@gmail.com, courtdocs@whitestonelawgroup.com**

And by regular U.S. Mail, postage prepaid, on:

**PRA Receivables Management, LLC**
**PO Box 41021**
**Norfolk, VA 23541**

<u>/s/ Sarah Dunkley</u>
*One of the Attorneys for*
*Ascentium Capital LLC*

6

14480488.2

# EXHIBIT 1

Firm No. 40867

**IN THE CIRCUIT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**
**TAX AND MISCELLANEOUS REMEDIES SECTION**

| | | |
|---|---|---|
| ASCENTIUM CAPITAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2021-L-050445 |
| | ) | |
| v. | ) | |
| | ) | Calendar 3 |
| LEAH CHAVIE SKINCARE CENTER, LLC, | ) | Judge: Honorable Daniel Duffy |
| LRC, LLC, and LEAH CHAVIE, | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT

THIS CAUSE coming to be heard on Plaintiff Ascentium Capital LLC's Supplemental

Submission in Support of its Motion for Default Judgment against Defendants Leah Chavie

Skincare Center, LLC, LRC, LLC, and Leah Chavie (collectively, "Defendants"), and Prove-Up

Damages hearing, the Court being fully advised in the premises, it is HEREBY ORDERED:

1.    The Court finds the issues in favor of Plaintiff Ascentium Capital LLC and against

Defendants.

2.    Judgment is entered on Count I of the Verified Complaint in favor of Plaintiff

Ascentium Capital, LLC and against Defendant Leah Chavie Skincare Center, LLC in the amount

of $67,393.23 ($63,377.19, plus attorneys' fees in the amount of $3,186.79, plus costs in the

amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of

$445.95).

3.    Judgment is entered on Count V of the Verified Complaint in favor of Plaintiff

Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $67,393.23

($63,377.19, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30,

plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $445.95).

11.     Judgment is entered on Count IV of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant LRC, LLC in the amount of $149,231.79 ($144,690.75, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $970.95).

12.     Judgment is entered on Count VIII of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $149,231.79 ($144,690.75, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $970.95).

13.     The damages awarded under Counts IV and VIII ($149,231.79) are awarded under the same contract and are thus joint and several obligations.

14.     Judgment is entered on Count IX of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants Leah Chavie Skincare Center, LLC and Leah Chavie, as to the First Collateral described in the Verified Complaint, namely, "Vivace RF Microneedling device, S/N 19178" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the First Collateral.

15.     Judgment is entered on Count X of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants Leah Chavie Skincare Center, LLC and Leah Chavie, as to the Second Collateral described in the Verified Complaint, namely, "two oxygen facial infusion units with Nebulizer, a Plasma Pen, and a Thermojet Morfologic, S/N 5010" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the Second Collateral.

4.  The damages awarded under Counts I and V ($67,393.23) are awarded under the same contract and are thus joint and several obligations.

5.  Judgment is entered on Count II of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie Skincare Center, LLC in the amount of $23,568.18 ($19,860.85, plus attorneys' fees in the amount of $3,186.78, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $137.25).

6.  Judgment is entered on Count VI of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $23,568.18 ($19,860.85, plus attorneys' fees in the amount of $3,186.78, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $137.25).

7.  The damages awarded under Counts II and VI ($23,568.18) are awarded under the same contract and are thus joint and several obligations.

8.  Judgment is entered on Count III of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant LRC, LLC in the amount of $26,716.01 ($22,992.79, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $153.15).

9.  Judgment is entered on Count VII of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $26,716.01 ($22,992.79, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $153.15).

10. The damages awarded under Counts III and VII ($26,716.01) are awarded under the same contract and are thus joint and several obligations.

13813316.1

16.    Judgment is entered on Count XI of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants LRC, LLC and Leah Chavie, as to the Third Collateral described in the Verified Complaint, namely, "Hydrafacial Elite MD System, DermalInfusion #SP1238" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the Third Collateral.

17.    Judgment is entered on Count XII of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants LRC, LLC and Leah Chavie, as to the Fourth Collateral described in the Verified Complaint, namely, "Hydrafacial Elite MD System, DermalInfusion SN# SP10544, and a Venus Versa, S/N VE001692" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the Fourth Collateral.

18.    Post-judgment interest shall accrue hereon at the highest rate permitted by law.

19.    This judgment is a final adjudication of all claims between all parties in this action.

ENTERED:

_____
Judge Daniel P. Duffy

**ENTERED**
Judge Daniel Duffy-2103
JUL 20 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**Proposed By:**
Eugene E. Endress
HAHN LOESER & PARKS LLP
200 W. Madison St., Ste. 2700
Chicago, IL 60606
(312) 637-3000
eendress@hahnlaw.com
*Counsel for Ascentium Capital LLC*

13813316.1

# EXHIBIT 2

**Fill in this information to identify the case:**

Debtor 1    Leah R. Chavie

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Illinois

Case number   22-14470

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

*See Footnote

Ascentium Capital LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Sarah Dunkley, Esq.
Name

200 W. Madison St., Ste. 2700
Number   Street

Chicago    IL    60606
City    State    ZIP Code

Contact phone (312) 637-3000

Contact email sdunkley@hahnlaw.com

Where should payments to the creditor be sent? (if different)

Ascentium Capital LLC c/o Mary C. Peloquin
Name

23970 US 59 North
Number   Street

Kingwood    TX    77339
City    State    ZIP Code

Contact phone (866) 722-8500

Contact email marypeloquin@ascentiumcapital.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

*Claimant reserves the right to amend, supplement, or otherwise modify this claim and any attachments hereto.

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**  $_____ 283,697.23  **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment on personal guaranty of loan (attached as Exhibit 2)

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:   Judgment lien

**Basis for perfection:**   Lien on real estate, Cook Cty Clerk doc # 2229325013

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____ 375,900.00

**Amount of the claim that is secured:**  $_____ 276,649.56

**Amount of the claim that is unsecured:**  $_____ 7,047.67  *See Footnote (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed) 9.00 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

*See Default and Remedies section of the Equipment Finance Agreements, attached as Exhibits 4-7, comprising the basis for the Judgment and Judgment Lien.

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   02/06/2023
                  MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Sarah | K. | Dunkley |
|---|---|---|---|
|  | First name | Middle name | Last name |

Title       Partner

Company     Hahn Loeser & Parks LLP
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     200 West Madison Street, Suite 2700
            Number        Street

            Chicago                          IL        60606
            City                             State     ZIP Code

Contact phone   312-637-3063          Email sdunkley@hahnlaw.com

## <u>INDEX OF SUPPORTING DOCUMENTS</u>

| | |
|---|---|
| Exhibit 1 | Explanation of Claim |
| Exhibit 2 | Judgment dated July 20, 2022 (Case No. 2021-L-50445, Cook County Circuit Court) |
| Exhibit 3 | Judgment Lien (Doc. 2229325013) |
| Exhibit 4 | Equipment Finance Agreement No. 2388614 |
| Exhibit 5 | Equipment Finance Agreement No. 2388653 |
| Exhibit 6 | Equipment Finance Agreement No. 2413937 |
| Exhibit 7 | Equipment Finance Agreement No. 2422814 |

**EXHIBIT 1**

## EXPLANATION OF CLAIM

**In re: Leah R. Chavie**
**United States Bankruptcy Court for the Northern District of Illinois**
**Case no. 22-14470**

| Description of Claim | Amount |
|---|---|
| Judgment entered July 20, 2022 | $266,909.21 |
| Interest at the statutory rate[1] which accrued between July 20, 2022, and the filing of this bankruptcy case on December 15, 2022 (148 days) | $9,740.35 |
| **Secure Portion of Claim** | **$276,649.56** |
| Attorney's fees (between July 20, 2022, and December 15, 2022) | $6,153.50 |
| Court costs (between July 20, 2022, and December 15, 2022) | $894.17 |
| **Unsecured Portion of Claim** | **$7047.67** |
| **TOTAL** | **$283,697.23** |

---

[1] Pursuant to 735 ILCS 5/2-1303, "judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied[.]"

14320017.1

**EXHIBIT 2**

Firm No. 40867

### IN THE CIRCUIT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION
### TAX AND MISCELLANEOUS REMEDIES SECTION

ASCENTIUM CAPITAL LLC,      )
     )
         Plaintiff,      )    Case No. 2021-L-050445
     )
     v.      )
     )    Calendar 3
LEAH CHAVIE SKINCARE CENTER, LLC,   )    Judge: Honorable Daniel Duffy
LRC, LLC, and LEAH CHAVIE,      )
     )
         Defendants.      )

### JUDGMENT

THIS CAUSE coming to be heard on Plaintiff Ascentium Capital LLC's Supplemental Submission in Support of its Motion for Default Judgment against Defendants Leah Chavie Skincare Center, LLC, LRC, LLC, and Leah Chavie (collectively, "Defendants"), and Prove-Up Damages hearing, the Court being fully advised in the premises, it is HEREBY ORDERED:

1. The Court finds the issues in favor of Plaintiff Ascentium Capital LLC and against Defendants.

2. Judgment is entered on Count I of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie Skincare Center, LLC in the amount of $67,393.23 ($63,377.19, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $445.95).

3. Judgment is entered on Count V of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $67,393.23 ($63,377.19, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $445.95).

13813316.1

11.     Judgment is entered on Count IV of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant LRC, LLC in the amount of $149,231.79 ($144,690.75, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $970.95).

12.     Judgment is entered on Count VIII of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $149,231.79 ($144,690.75, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $970.95).

13.     The damages awarded under Counts IV and VIII ($149,231.79) are awarded under the same contract and are thus joint and several obligations.

14.     Judgment is entered on Count IX of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants Leah Chavie Skincare Center, LLC and Leah Chavie, as to the First Collateral described in the Verified Complaint, namely, "Vivace RF Microneedling device, S/N 19178" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the First Collateral.

15.     Judgment is entered on Count X of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants Leah Chavie Skincare Center, LLC and Leah Chavie, as to the Second Collateral described in the Verified Complaint, namely, "two oxygen facial infusion units with Nebulizer, a Plasma Pen, and a Thermojet Morfologic, S/N 5010" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the Second Collateral.

13813316.1

4.     The damages awarded under Counts I and V ($67,393.23) are awarded under the same contract and are thus joint and several obligations.

5.     Judgment is entered on Count II of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie Skincare Center, LLC in the amount of $23,568.18 ($19,860.85, plus attorneys' fees in the amount of $3,186.78, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $137.25).

6.     Judgment is entered on Count VI of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $23,568.18 ($19,860.85, plus attorneys' fees in the amount of $3,186.78, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $137.25).

7.     The damages awarded under Counts II and VI ($23,568.18) are awarded under the same contract and are thus joint and several obligations.

8.     Judgment is entered on Count III of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant LRC, LLC in the amount of $26,716.01 ($22,992.79, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $153.15).

9.     Judgment is entered on Count VII of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $26,716.01 ($22,992.79, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $153.15).

10.    The damages awarded under Counts III and VII ($26,716.01) are awarded under the same contract and are thus joint and several obligations.

13813316.1

16.    Judgment is entered on Count XI of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants LRC, LLC and Leah Chavie, as to the Third Collateral described in the Verified Complaint, namely, "Hydrafacial Elite MD System, DermalInfusion #SP1238" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the Third Collateral.

17.    Judgment is entered on Count XII of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants LRC, LLC and Leah Chavie, as to the Fourth Collateral described in the Verified Complaint, namely, "Hydrafacial Elite MD System, DermalInfusion SN# SP10544, and a Venus Versa, S/N VE001692" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the Fourth Collateral.

18.    Post-judgment interest shall accrue hereon at the highest rate permitted by law.

19.    This judgment is a final adjudication of all claims between all parties in this action.

ENTERED:

Judge Daniel P. Duffy

ENTERED
Judge Daniel Duffy-2103

JUL 20 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**Proposed By:**
Eugene E. Endress
HAHN LOESER & PARKS LLP
200 W. Madison St., Ste. 2700
Chicago, IL 60606
(312) 637-3000
eendress@hahnlaw.com
*Counsel for Ascentium Capital LLC*

13813316.1

EXHIBIT 3

Doc# 2229325013 Fee $88.00

RHSP FEE:$9.00 RPRF FEE: $1.00
KAREN A. YARBROUGH
COOK COUNTY CLERK
DATE: 10/20/2022 02:18 PM  PG:  1 OF 5

Prepared By:

Sarah K. Dunkley
Jack A. Battaglia
Hahn Loeser & Parks LLP
200 West Madison, Suite 2700
Chicago, IL  60606
(312) 637-3000

## JUDGMENT ORDER

LEGAL DESCRIPTION:   UNIT 402 AND THE EXCLUSIVE RIGHT TO USE PARKING
SPACE P-10, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE
COMMON ELEMENTS IN BELDEN CENTRE CONDOMINIUM AS DELINEATED AND
DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NO. 0321345012, AND
AS AMENDED, OF SECTION 33, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE
THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as 350 W. Belden Avenue, Unit 402, Chicago, IL  60614, P.I.N. 14-33-106-
016-1017

Mail to:

Sarah K. Dunkley
Jack A. Battaglia
Hahn Loeser & Parks LLP
200 West Madison, Suite 2700
Chicago, IL  60606
(312) 637-3000

14122367.1

Firm No. 40867

**IN THE CIRCUIT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**
**TAX AND MISCELLANEOUS REMEDIES SECTION**

| | |
|---|---|
| ASCENTIUM CAPITAL LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 2021-L-050445 |
| | ) |
| v. | ) |
| | ) Calendar 3 |
| LEAH CHAVIE SKINCARE CENTER, LLC, | ) Judge: Honorable Daniel Duffy |
| LRC, LLC, and LEAH CHAVIE, | ) |
| | ) |
| Defendants. | ) |

**JUDGMENT**

THIS CAUSE coming to be heard on Plaintiff Ascentium Capital LLC's Supplemental

Submission in Support of its Motion for Default Judgment against Defendants Leah Chavie

Skincare Center, LLC, LRC, LLC, and Leah Chavie (collectively, "Defendants"), and Prove-Up

Damages hearing, the Court being fully advised in the premises, it is HEREBY ORDERED:

1.     The Court finds the issues in favor of Plaintiff Ascentium Capital LLC and against

Defendants.

2.     Judgment is entered on Count I of the Verified Complaint in favor of Plaintiff

Ascentium Capital, LLC and against Defendant Leah Chavie Skincare Center, LLC in the amount

of $67,393.23 ($63,377.19, plus attorneys' fees in the amount of $3,186.79, plus costs in the

amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of

$445.95).

3.     Judgment is entered on Count V of the Verified Complaint in favor of Plaintiff

Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $67,393.23

($63,377.19, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30,

plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $445.95).

4. The damages awarded under Counts I and V ($67,393.23) are awarded under the same contract and are thus joint and several obligations.

5. Judgment is entered on Count II of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie Skincare Center, LLC in the amount of $23,568.18 ($19,860.85, plus attorneys' fees in the amount of $3,186.78, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $137.25).

6. Judgment is entered on Count VI of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $23,568.18 ($19,860.85, plus attorneys' fees in the amount of $3,186.78, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $137.25).

7. The damages awarded under Counts II and VI ($23,568.18) are awarded under the same contract and are thus joint and several obligations.

8. Judgment is entered on Count III of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant LRC, LLC in the amount of $26,716.01 ($22,992.79, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $153.15).

9. Judgment is entered on Count VII of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $26,716.01 ($22,992.79, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30, plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $153.15).

10. The damages awarded under Counts III and VII ($26,716.01) are awarded under the same contract and are thus joint and several obligations.

13813316.1

11.     Judgment is entered on Count IV of the Verified Complaint in favor of Plaintiff
Ascentium Capital, LLC and against Defendant LRC, LLC in the amount of $149,231.79
($144,690.75, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30,
plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $970.95).

12.     Judgment is entered on Count VIII of the Verified Complaint in favor of Plaintiff
Ascentium Capital, LLC and against Defendant Leah Chavie in the amount of $149,231.79
($144,690.75, plus attorneys' fees in the amount of $3,186.79, plus costs in the amount of $383.30,
plus per diem rate from July 5, 2022 to July 20, 2022 in the amount of $970.95).

13.     The damages awarded under Counts IV and VIII ($149,231.79) are awarded under
the same contract and are thus joint and several obligations.

14.     Judgment is entered on Count IX of the Verified Complaint in favor of Plaintiff
Ascentium Capital, LLC and against Defendants Leah Chavie Skincare Center, LLC and Leah
Chavie, as to the First Collateral described in the Verified Complaint, namely, "Vivace RF
Microneedling device, S/N 19178" (together with any accessories, products and proceeds thereof,
including without limitation insurance proceeds). Plaintiff is entitled to take immediate and
permanent possession and control of the First Collateral.

15.     Judgment is entered on Count X of the Verified Complaint in favor of Plaintiff
Ascentium Capital, LLC and against Defendants Leah Chavie Skincare Center, LLC and Leah
Chavie, as to the Second Collateral described in the Verified Complaint, namely, "two oxygen
facial infusion units with Nebulizer, a Plasma Pen, and a Thermojet Morfologic, S/N 5010"
(together with any accessories, products and proceeds thereof, including without limitation
insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control
of the Second Collateral.

13813316.1

16.  Judgment is entered on Count XI of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants LRC, LLC and Leah Chavie, as to the Third Collateral described in the Verified Complaint, namely, "Hydrafacial Elite MD System, DermalInfusion #SP1238" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the Third Collateral.

17.  Judgment is entered on Count XII of the Verified Complaint in favor of Plaintiff Ascentium Capital, LLC and against Defendants LRC, LLC and Leah Chavie, as to the Fourth Collateral described in the Verified Complaint, namely, "Hydrafacial Elite MD System, DermalInfusion SN# SP10544, and a Venus Versa, S/N VE001692" (together with any accessories, products and proceeds thereof, including without limitation insurance proceeds). Plaintiff is entitled to take immediate and permanent possession and control of the Fourth Collateral.

18.  Post-judgment interest shall accrue hereon at the highest rate permitted by law.

19.  This judgment is a final adjudication of all claims between all parties in this action.

ENTERED:

Judge Daniel P. Duffy

ENTERED
Judge Daniel Duffy-2103

JUL 20 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Proposed By:
Eugene E. Endress
HAHN LOESER & PARKS LLP
200 W. Madison St., Ste. 2700
Chicago, IL 60606
(312) 637-3000
eendress@hahnlaw.com
Counsel for Ascentium Capital LLC

13813316.1

I hereby certify that the document to which this certification is affixed is a true copy.

IRIS Y. MARTINEZ   OCT 1 9 2022
Date
IRIS Y. MARTINEZ
Clerk of the Circuit Court
of Cook County, IL

DocuSign Envelope ID: 3723E44700 Cloud 311 71869E07C6823 Enterd M7m730 :21 Pages4 Maf29
THIS IS A COPY
of the original Ascentium Capital LLC
Copy held
by the designated custodian.

# EQUIPMENT FINANCE AGREEMENT

**Agreement No. 2388614**

**EXHIBIT 4**

Ascentium Capital
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

| DEBTOR ("you" or "your"): | ADDRESS | TERM: |
|---|---|---|
| LEAH CHAVIE SKINCARE CENTER, LLC | 2457 N HALSTED ST, CHICAGO, IL 60614 | 60 |

**PAYMENT SCHEDULE:** 60 @ $1,288.62

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property (the "Supplier") and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** Vivace

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term (Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary.

**Disclaimer of Warranties and Claims.** We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, including without limitation any defect, damage or unfitness of the Collateral. You acknowledge you selected the Supplier and Collateral and the Supplier is not our agent nor are we their agent. If the Collateral is unsatisfactory for any reason, your only remedy, if any, shall be against the Supplier and not against us.

**Collateral.** You will use the Collateral for commercial purposes only and in compliance with law. You will not sell, transfer, assign or lease the Collateral or otherwise allow the Collateral to be used by anyone other than you. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs with respect to you or any guarantor, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA or (iv) you merge, consolidate with, or sell all or substantially all of your assets or a majority of your ownership interests to any third party. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral and/or (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. **You consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue or forum non conviens and waive any right to a jury trial.** Time is of the essence with respect to your obligations under this Agreement. All of our rights and the indemnities in our favor under this EFA shall survive its termination. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You shall not assign or otherwise transfer this EFA or any of your obligations hereunder. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now under this EFA, but none of our obligations. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in a writing duly executed by the party against whom enforcement is sought. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a Supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA shall be deemed an original for all purposes. Lender may acknowledge its acceptance of this EFA in a subsequent communication signed by Lender. Any notice given hereunder shall be in writing and, if delivered by mail, deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You agree that by providing us with an email address or a telephone number for a cellular or wireless device, you expressly consent to receiving notices and other communications including voice and text messages from us at that number or email address, and this express consent applies to each such email address or telephone number that you provide to us now or in the future. Only the copy of this EFA marked as the "sole original" or similar language by us or our designee is the chattel paper original of this EFA.

This EFA shall become effective upon Debtor's signature below, provided, however, that our obligation to perform our obligations under the EFA shall be subject to our satisfactory receipt of all conditions specified by us, including a complete and properly executed documentation package, as determined by us. By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the Supplier on behalf of Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.

| Debtor Name: | LEAH CHAVIE SKINCARE CENTER, LLC | By: | |
|---|---|---|---|
| | | Printed Name/Title: | LEAH CHAVIE - Member |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law, venue and notice provisions of the EFA shall apply to this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically thereafter and sharing the results with others.

| Guarantor Signature: | | Printed Name: | LEAH CHAVIE |
|---|---|---|---|
| Guarantor Signature: | 74E209F970B9475... | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by Debtor from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be promptly adjusted upon notification to Lender by either a credit or debit to Debtor's account.

| Bank Name: | Bank of America | Business Acct Name: | Checking |
|---|---|---|---|
| Account No: | | ABA No: | |
| Authorized Signature: | 74E209F970B9475... | Printed Name / Title: | LEAH CHAVIE    Owner |

1401-20190104

FILED DATE: 10/8/2021 2:36 PM    2021L050445



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2388614

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Leah Chavie Skincare Center, LLC, having offices located at 2457 N HALSTED ST , CHICAGO, IL 60614 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement ("Agreement") as referenced above; and
WHEREAS, the Agreement provided for, among other things, terms of payment for the equipment which was the subject of the Agreement; and
WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1.  Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
    a.  **Beginning 5/01/2020, three (3) payments of $0.00**
    b.  **Beginning 8/01/2020, fifty two (52) payments of $1,288.62**, due on or before the due date each month;

2.  Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect.  In the event that this Modification is not strictly adhered to, Creditor reserves the right to revoke this Modification, in which event all payments under the Agreement will be due as originally scheduled.  You agree that a facsimile copy of this Modification as executed by you shall be deemed the equivalent of an originally executed copy for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Leah Chavie Skincare Center, LLC | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | *Leah Ch* | By: | |
| Printed Name: | *Leah Chavie* | Printed Name: | Dan Bocash |
| Title: | *Owner* | Title: | SVP-Client Relations |

FILED DATE: 10/8/2021 2:36 PM   2021L050445

THIS IS A COPY

You may verify this copy of this record at na2.docusign.net



# AMENDMENT AND MODIFICATION OF PAYMENT TERMS
## Agreement No. 2388614

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Leah Chavie Skincare Center, LLC, having offices located at 2457 N HALSTED ST   CHICAGO IL 60614 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement  as referenced above (as amended, supplemented or otherwise modified from time to time (the "Agreement"); and

WHEREAS, the Agreement provides for, among other things, terms of payment for the equipment or other property which was the subject of the Agreement; and

WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1.      Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
   a.  **Beginning 08/01/2020, payments of $0.00**
   b.  **Beginning 11/01/2020, regular payments to resume according to the original agreement**
   c.  **On 03/01/2025, a COVID19 modification payment of $1,288.62**

2.      Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect. This Modification may be executed in separate counterparts, which together shall constitute one in the same instrument.  You agree this Modification may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. A copy of this Modification shall be deemed to be an original for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Leah Chavie Skincare Center, LLC | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | ⊠ | By: | |
| | 74E209F970B9475... | | |
| Printed Name: | LEAH CHAVIE | Printed Name/Title: | Dan Bocash |

FILED DATE: 10/8/2021 2:36 PM   2021L050445

THIS IS A COPY
Ascentium Capital LLC Copy held
by the designated custodian
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

# EQUIPMENT FINANCE AGREEMENT

Agreement No. 2388653                    EXHIBIT 5

| DEBTOR ("you" or "your"): | ADDRESS | TERM: |
|---|---|---|
| LEAH CHAVIE SKINCARE CENTER, LLC | 2457 N HALSTED ST, CHICAGO, IL 60614 | 60 |

**PAYMENT SCHEDULE:** 60 @ $354.27

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property (the "Supplier"), and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** BEAUTY SALON EQUIPMENT

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary.

**Disclaimer of Warranties and Claims. We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, including without limitation any defect, damage or unfitness of the Collateral.** You acknowledge you selected the Supplier and Collateral and the Supplier is not our agent nor are we their agent. If the Collateral is unsatisfactory for any reason, your only remedy, if any, shall be against the Supplier and not against us.

**Collateral.** You will use the Collateral for commercial purposes only and in compliance with law. You will not sell, transfer, assign or lease the Collateral or otherwise allow the Collateral to be used by anyone other than you. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs with respect to you or any guarantor, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed

against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA or (iv) you merge, consolidate with, or sell all or substantially all of your assets or a majority of your ownership interests to any third party. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral and/or (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. **You consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue and/or forum non conviens and waive any right to a jury trial.** Time is of the essence with respect to your obligations under this Agreement. All of our rights and the indemnities in our favor under this EFA shall survive its termination. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You shall not assign or otherwise transfer this EFA or any of your obligations hereunder. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now under this EFA, but none of our obligations. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in a writing duly executed by the party against whom enforcement is sought. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a Supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA shall be deemed an original for all purposes. Lender may acknowledge its acceptance of this EFA in a subsequent communication signed by Lender. Any notice given hereunder shall be in writing and, if delivered by mail, deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You agree that by providing us with an email address or a telephone number for a cellular or wireless device, you expressly consent to receiving notices and other communications including voice and text messages from us at that number or email address, and this express consent applies to each such email address or telephone number that you provide to us now or in the future. Only the copy of this EFA marked as the "sole original" or similar language by us or our designee is the chattel paper original of this EFA.

This EFA shall become effective upon Debtor's signature below, provided, however, that our obligation to perform our obligations under this EFA shall be subject to our satisfactory receipt of all conditions specified by us, including a complete and properly executed documentation package, as determined by us. By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the Supplier on behalf of Debtor. The person executing this EFA is authorized _____ valid and binding act of the Debtor.

| Debtor Name: | LEAH CHAVIE SKINCARE CENTER, LLC | By: | [signature] |
|---|---|---|---|
| | | Printed Name/Title: | LE [signature] 74E209F970D9475... |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law, venue and notice provisions of the EFA shall apply to this Guaranty. You consent to our conducting a credit evaluation of you from all source_____ aring the results with others.

| Guarantor Signature: | [signature] 74E209F970D9475... | Printed Name: | LEAH CHAVIE |
|---|---|---|---|
| Guarantor Signature: | | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by Debtor from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA Agreement. Any incorrect charge will be corrected upon notification to Lender by either a credit or debit to Debtor's account.

| Bank Name: | | Business Acct Name: | |
|---|---|---|---|
| Account No: | | ABA No: | |
| Authorized Signature: | [signature] 74E209F970D9475... | Printed Name / Title: | LEAH CHAVIE , Owner |

1401-20190104

FILED DATE: 10/8/2021 2:36 PM    2021L050445

FILED DATE: 10/8/2021 2:36 PM  2021L050445

THIS IS A COPY
authoritative Copy held
by the designated custodian



**COMMENCEMENT AGREEMENT**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

## Agreement No. 2388653

Date: July 26, 2019

You, the Customer, and Ascentium Capital LLC ("we", "us", "our") have entered into the above referenced equipment lease, equipment finance agreement, secured loan or similar agreement (which may be one or more schedules to a master agreement) ("Agreement") pursuant to which we will be financing the Equipment or Collateral as defined in and described in the Agreement (in either case "Equipment") as set forth in this Commencement Agreement ("CA"). The Equipment is being delivered at various times and the vendor or vendors of the Equipment have to be paid for each item of Equipment at or before its delivery to you. You agree to commence the initial non-cancelable term of the Agreement immediately even though items of Equipment remain to be delivered to and accepted by you from one or more vendors.

**NOW THEREFORE, it is agreed as follows:**

1. The term of the Agreement will commence on the date of this CA, with the interim term commencing on the date set forth above and the initial term commencing as provided in the Agreement. You acknowledge and agree that notwithstanding the fact that not all items of Equipment have been delivered to and accepted by you as of the date set forth above, the terms and conditions of the Agreement, including your obligation to pay all amounts of rent or debt service set forth in the Agreement, shall commence immediately and, except as otherwise specifically set forth in this CA, irrevocably.

2. You agree to inspect and accept for purposes of the Agreement all undelivered items of Equipment immediately upon their delivery to you. If, when delivered, an item of Equipment is damaged or non-conforming, you agree to cause the vendor in question to repair and/or replace any such item of Equipment and you agree to immediately accept any conforming replacement and/or repaired Equipment for all purposes under the Agreement while continuing to meet all of your payment and other obligations under the Agreement.

3. All amounts anticipated to be disbursed by us on your behalf that have not been disbursed as of the date of this CA will be deemed disbursed by us into a separate holding account for your benefit ("Account"), the contents of which shall be debited by the amount of each subsequent disbursement to vendor(s) as contemplated by this CA. To secure your obligations to us under the Agreement and this CA, you hereby grant to us a security interest in the contents of the Account and any proceeds.

4. The Agreement contemplates a pro-rata adjustment to the payments owed by you under the Agreement in the event the purchase price of the Equipment and other amounts, if any, paid by us on your behalf are higher or lower than those on which the payments set forth in the Agreement are based. Following the delivery and acceptance of all items of Equipment set forth in the Agreement, we shall make any necessary adjustments to the payments as contemplated by the Agreement. You agree that we will have no liability to you in the event we determine to terminate the funding of any vendor because we have determined, in our sole discretion, that there has been a material adverse change in your creditworthiness from that on which we based our approval of the Agreement. In any circumstance contemplated by the preceding sentence, we will continue the Agreement with the Equipment accepted by you and funded by us as of the date we determine to terminate funding the Agreement and we will reduce the amount of each payment of rent or debt service you owe under the Agreement proportionally, taking into account the higher payments made by you up to the date of that determination and any balance in the Account shall revert to us.

5. This CA sets forth the entire agreement of the parties with respect to its subject matter and it may only be amended by a written instrument executed by the party against whom enforcement is sought. In the event of a conflict between this CA and the terms of the Agreement, the terms of this CA shall govern and control, provided however, except as explicitly set forth in Section 4 above, nothing set forth in this CA shall be deemed to affect your obligation to pay and perform all of your obligations as set forth in the Agreement without setoff, abatement or counterclaim. This CA shall terminate and be of no further force and effect following your acceptance and our funding of the last item of Equipment being financed under the Agreement. This CA will be governed by and construed in accordance with the laws of the jurisdiction governing the Agreement.

You agree that a facsimile or other copy of this CA, as executed, shall be deemed the equivalent of the originally executed copy for all purposes.

| Customer Name: | LEAH CHAVIE SKINCARE CENTER, LLC | By: | |
|---|---|---|---|
| | | Printed Name/Title: | LE |

DocuSigned by:

74E209F970B9475...



**ADDENDUM**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2388653**
**Date: July 29, 2019**

This Addendum is made for the purpose of changing certain terms and conditions to that certain document identified below which is: (A) the equipment lease, equipment finance agreement or similar agreement whose number is referenced above (hereinafter called "Agreement") entered between Ascentium Capital LLC ("Ascentium") and **LEAH CHAVIE SKINCARE CENTER, LLC** (hereinafter called "Customer"), as lessee, borrower or debtor, or (B) any document relating to such Agreement representing any obligation from Customer to Ascentium, including, without limitation; authority and incumbency certificates, bills of sale, certifications of financial statement, corporate guarantees, commencement agreements, financial covenant agreements, personal guarantees, purchase orders, real property waivers, schedules A, security agreements, or other evidence of indebtedness, (collectively, "Other Documents"). If the Agreement is a master agreement, the term "Agreement" shall include all schedules, notes or similar documents incorporating by reference the provisions of the Agreement.

Name of document(s): Equipment Finance Agreement

Amendment(s): The Payment Schedule shall now read 60 @ $366.00.

Upon execution of this Addendum, the Agreement or Other Documents in question shall be deemed to have been in effect since the effective date of the Agreement or Other Documents, incorporating into the Agreement or Other Document, as the case may be, the changes set out in this Addendum. Customer agrees that a facsimile or other copy of this Addendum, as executed, shall be deemed the equivalent of the originally executed copy for all purposes. Following your execution of this Addendum, our acceptance of the Agreement in a separate communication signed by us shall be deemed as our acceptance of this Addendum.

| CUSTOMER: | **LEAH CHAVIE SKINCARE CENTER, LLC** | By: | *Leah Chavie* |
|---|---|---|---|
| | | Printed Name/Title: | LEAH CHAVIE Member |

1641-20190104

FILED DATE: 10/8/2021 2:36 PM 2021L050445



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2388653

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Leah Chavie Skincare Center, LLC, having offices located at 2457 N HALSTED ST , CHICAGO, IL 60614 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement ("Agreement") as referenced above; and
WHEREAS, the Agreement provided for, among other things, terms of payment for the equipment which was the subject of the Agreement; and
WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1.  Amendment of Payment Terms. The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
    a.  **Beginning 4/05/2020, three (3) payments of $0.00**
    b.  **Beginning 7/05/2020, fifty three (53) payments of $366,** due on or before the due date each month;

2.  Effect of Amendment. Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect. In the event that this Modification is not strictly adhered to, Creditor reserves the right to revoke this Modification, in which event all payments under the Agreement will be due as originally scheduled. You agree that a facsimile copy of this Modification as executed by you shall be deemed the equivalent of an originally executed copy for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Leah Chavie Skincare Center, LLC | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | *Leah Chavie* | By: | |
| Printed Name: | *Leah Chavie* | Printed Name: | Dan Bocash |
| Title: | *OWNER* | Title: | SVP-Client Relations |

FILED DATE: 10/8/2021 2:36 PM    2021L050445

DocuSign Envelope ID: 0445985E-3834-40B7-A2D4-B7AA1E3B2E15

THIS IS A COPY

Validate authenticated copy of this record at na2.docusign.net

FILED DATE: 10/8/2021 2:36 PM   2021L050445



# AMENDMENT AND MODIFICATION OF PAYMENT TERMS
## Agreement No. 2388653

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Leah Chavie Skincare Center, LLC,  having offices located at 2457 N HALSTED ST   CHICAGO IL 60614 ("Debtor").

    WHEREAS, the Creditor and Debtor are parties to a certain Agreement  as referenced above (as amended, supplemented or otherwise modified from time to time (the "Agreement"); and

    WHEREAS, the Agreement provides for, among other things, terms of payment for the equipment or other property which was the subject of the Agreement; and

    WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

    NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1.    Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):

    a.  **Beginning 08/05/2020, payments of $0.00**
    b.  **Beginning 11/05/2020, regular payments to resume according to the original agreement**
    c.  **On 03/05/2025, a COVID19 modification payment of $366.00**

2.    Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect. This Modification may be executed in separate counterparts, which together shall constitute one in the same instrument.  You agree this Modification may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. A copy of this Modification shall be deemed to be an original for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Leah Chavie Skincare Center, LLC | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | ☒ | By: | |
| Printed Name: | LEAH CHAVIE | Printed Name/Title: | Dan Bocash |

THIS IS A COPY
of the original Ascentium Capital LLC
Electronically signed document. Copy held
by the designated custodian.

# Ascentium CAPITAL

**EQUIPMENT FINANCE AGREEMENT**

Agreement No. 2413937

23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**EXHIBIT 6**

FILED DATE: 10/8/2021 2:36 PM    2021L050445

| DEBTOR ("you" or "your"): | ADDRESS | TERM: |
|---|---|---|
| LRC, LLC | 2457 N HALSTED ST, CHICAGO, IL 60614 | 36 |

**PAYMENT SCHEDULE:** 36 @ $628.64

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property (the "Supplier") and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** EDGE

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term (Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary.

**Disclaimer of Warranties and Claims.** We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, including without limitation any defect, damage or unfitness of the Collateral. You acknowledge you selected the Supplier and Collateral and the Supplier is not our agent nor are we their agent. If the Collateral is unsatisfactory for any reason, your only remedy, if any, shall be against the Supplier and not against us.

**Collateral.** You will use the Collateral for commercial purposes only and in compliance with law. You will not sell, transfer, assign or lease the Collateral or otherwise allow the Collateral to be used by anyone other than you. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs with respect to you or any guarantor, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed

against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA or (iv) you merge, consolidate with, or sell all or substantially all of your assets or a majority of your ownership interests to any third party. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral and/or (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. **You consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue or forum non conviens and waive any right to a jury trial.** Time is of the essence with respect to your obligations under this Agreement. All of our rights and the indemnities in our favor under this EFA shall survive its termination. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You shall not assign or otherwise transfer this EFA or any of your obligations hereunder. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now under this EFA, but none of our obligations. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in a writing duly executed by the party against whom enforcement is sought. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a Supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA shall be deemed an original for all purposes. Lender may acknowledge its acceptance of this EFA in a subsequent communication signed by Lender. Any notice given hereunder shall be in writing and, if delivered by mail, deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You agree that by providing us with an email address or a telephone number for a cellular or wireless device, you expressly consent to receiving notices and other communications including voice and text messages from us at that number or email address, and this express consent applies to each such email address or telephone number that you provide to us now or in the future. Only the copy of this EFA marked as the "sole original" or similar language by us or our designee is the chattel paper original of this EFA.

This EFA shall become effective upon Debtor's signature below, provided, however, that our obligation to perform our obligations under this EFA shall be subject to our satisfactory receipt of all conditions specified by us, including a complete and properly executed documentation package, as determined by us. By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the Supplier on behalf of Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.

| Debtor Name: | LRC, LLC | By: | [signature] |
|---|---|---|---|
| | | Printed Name/Title: | LEAH CHAVIE, Member |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. If you waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law, venue and notice provisions of the EFA shall apply to this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating this, and sharing the results with others.

| Guarantor Signature: | [signature] | Printed Name: | LEAH CHAVIE |
|---|---|---|---|
| Guarantor Signature: | 74E209F970B9475... | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by Debtor from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will not be corrected upon notification to Lender by either a credit or debit to Debtor's account.

| Bank Name: | Bank of America | Business Acct Name: | Checking |
|---|---|---|---|
| Account No: | | ABA No: | |
| Authorized Signature: | [signature] 74E209F970B9475... | Printed Name / Title: | LEAH CHAVIE    Owner |

1401-20190104

FILED DATE: 10/8/2021 2:36 PM   2021L050445



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2413937

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Leah Chavie Skincare Center, LLC,  having offices located at 2457 N HALSTED ST  , CHICAGO, IL 60614 ("Debtor").

 WHEREAS, the Creditor and Debtor are parties to a certain Agreement ("Agreement") as referenced above; and
 WHEREAS, the Agreement provided for, among other things, terms of payment for the equipment which was the subject of the Agreement; and
 WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

 NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1. Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
 a. **Beginning 4/25/2020, three (3) payments of $0.00**
 b. **Beginning 7/25/2020, thirty three (33) payments of $628.64**, due on or before the due date each month;

2. Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect.  In the event that this Modification is not strictly adhered to, Creditor reserves the right to revoke this Modification, in which event all payments under the Agreement will be due as originally scheduled.  You agree that a facsimile copy of this Modification as executed by you shall be deemed the equivalent of an originally executed copy for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Leah Chavie Skincare Center, LLC | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | *Leah Ch—* | By: | *[signature]* |
| Printed Name: | *Leah Chavie* | Printed Name: | Dan Bocash |
| Title: | *Owner* | Title: | SVP-Client Relations |

2946-20200319

THIS IS A COPY
The original copy of this authoritative Copy held
by the designated custodian

FILED DATE: 10/8/2021 2:36 PM   2021L050445



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2413937

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Leah Chavie Skincare Center, LLC,  having offices located at 2457 N HALSTED ST   CHICAGO IL 60614 ("Debtor").

   WHEREAS, the Creditor and Debtor are parties to a certain Agreement  as referenced above (as amended, supplemented or otherwise modified from time to time (the "Agreement"); and

   WHEREAS, the Agreement provides for, among other things, terms of payment for the equipment or other property which was the subject of the Agreement; and

   WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

   NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1.      Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
   a.  **Beginning 07/25/2020, payments of $0.00**
   b.  **Beginning 10/25/2020, regular payments to resume according to the original agreement**
   c.  **On 07/25/2023, a COVID19 modification payment of $628.64**

2.      Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect. This Modification may be executed in separate counterparts, which together shall constitute one in the same instrument.  You agree this Modification may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. A copy of this Modification shall be deemed to be an original for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Leah Chavie Skincare Center, LLC | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | ⊠ <br> DocuSigned by: <br> 74E209F970B9475... | By: | |
| Printed Name: | LEAH CHAVIE | Printed Name/Title: | Dan Bocash |

THIS IS A COPY
The Original of this document
is Electronically Signed Copy held
by the designated custodian

**ascentium CAPITAL**

23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

# EQUIPMENT FINANCE AGREEMENT
### Agreement No. 2422814

EXHIBIT 7

| DEBTOR ("you" or "your"): | ADDRESS | TERM: |
|---|---|---|
| LRC, LLC | 2457 N HALSTED ST, CHICAGO, IL 60614 | 36 |

**PAYMENT SCHEDULE:** 36 @ $3,438.62

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property (the "Supplier") and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** Viva Applicator, EDGE HYDRAFACIAL, wrap 2158624

FILED DATE: 10/8/2021 2:36 PM    2021L050445

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary.

**Disclaimer of Warranties and Claims.** We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, including without limitation any defect, damage or unfitness of the Collateral. You acknowledge you selected the Supplier and Collateral and the Supplier is not our agent nor are we their agent. If the Collateral is unsatisfactory for any reason, your only remedy, if any, shall be against the Supplier and not against us.

**Collateral.** You will use the Collateral for commercial purposes only and in compliance with law. You will not sell, transfer, assign or lease the Collateral or otherwise allow the Collateral to be used by anyone other than you. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs with respect to you or any guarantor, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed

against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA or (iv) you merge, consolidate with, or sell all or substantially all of your assets or a majority of your ownership interests to any third party. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral and/or (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. **Your consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue or forum non conviens and waive any right to a jury trial.** Time is of the essence with respect to your obligations under this Agreement. All of our rights and the indemnities in our favor under this EFA shall survive its termination. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You shall not assign or otherwise transfer this EFA or any of your obligations hereunder. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now under this EFA, but none of our obligations. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in a writing duly executed by the party against whom enforcement is sought. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a Supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA shall be deemed an original for all purposes. Lender may acknowledge its acceptance of this EFA in a subsequent communication signed by Lender. Any notice given hereunder shall be in writing and, if delivered by mail, deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice. You agree, however, that we are authorized, without notice to you, to supply missing information or correct any misspellings or obvious errors in this EFA. You agree that by providing us with an email address or a telephone number for a cellular or wireless device, you expressly consent to receiving notices and other communications including voice and text messages from us at that number or email address, and this express consent applies to each such email address or telephone number that you provide to us now or in the future. Only the copy of this EFA marked as the "sole original" or similar language by us or our designee is the chattel paper original of this EFA.

This EFA shall become effective upon Debtor's signature below, provided, however, that our obligation to perform our obligations under EFA shall be subject to our satisfactory receipt of all conditions specified by us, including a complete and properly executed documentation package, as determined by us. By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the Supplier on behalf of Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.

| Debtor Name: | LRC, LLC | By: | [signature] |
|---|---|---|---|
| | | Printed Name/Title: | LEAH CHAVIE, Member |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law, venue and notice provisions of the EFA shall apply to this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically thereafter, and sharing the results with others.

| Guarantor Signature: | [signature] 74E209F970B9475... | Printed Name: | LEAH CHAVIE |
|---|---|---|---|
| Guarantor Signature: | | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by Debtor from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to Lender by either a credit or debit to Debtor's account.

| Bank Name: | Bank of America | Business Acct Name: | Business Checking |
|---|---|---|---|
| Account No: | [redacted] | ABA No: | [redacted] |
| Authorized Signature: | [signature] 74E209F970B9475... | Printed Name / Title: | LEAH CHAVIE    Owner |

1401-20190104



**ADDENDUM**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2422814**
**Date: March 2, 2020**

This Addendum is made for the purpose of changing certain terms and conditions to that certain document identified below which is: (A) the equipment lease, equipment finance agreement or similar agreement whose number is referenced above (hereinafter called "Agreement") entered between Ascentium Capital LLC ("Ascentium") and **LRC, LLC** (hereinafter called "Customer"), as lessee, borrower or debtor, or (B) any document relating to such Agreement representing any obligation from Customer to Ascentium, including, without limitation; authority and incumbency certificates, bills of sale, certifications of financial statement, corporate guarantees, commencement agreements, financial covenant agreements, personal guarantees, purchase orders, real property waivers, schedules A, security agreements, or other evidence of indebtedness, (collectively, "Other Documents"). If the Agreement is a master agreement, the term "Agreement" shall include all schedules, notes or similar documents incorporating by reference the provisions of the Agreement.

Name of document(s): Equipment Finance Agreement 2422814

Amendment(s): Please acknowledge the payment schedule now reads 36 months @ $3,675.19

Upon execution of this Addendum, the Agreement or Other Documents in question shall be deemed to have been in effect since the effective date of the Agreement or Other Documents, incorporating into the Agreement or Other Document, as the case may be, the changes set out in this Addendum. Customer agrees that a facsimile or other copy of this Addendum, as executed, shall be deemed the equivalent of the originally executed copy for all purposes. Following your execution of this Addendum, our acceptance of the Agreement in a separate communication signed by us shall be deemed as our acceptance of this Addendum.

| CUSTOMER: | LRC, LLC | By: | |
|---|---|---|---|
| | | Printed Name/Title: | LEAH CHAVIE Member |

FILED DATE: 10/8/2021 2:36 PM    2021L050445

1641-20190104

FILED DATE: 10/8/2021 2:36 PM   2021L050445



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2422814

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Leah Chavie Skincare Center, LLC, having offices located at 2457 N HALSTED ST  , CHICAGO, IL 60614 ("Debtor").

WHEREAS, the Creditor and Debtor are parties to a certain Agreement ("Agreement") as referenced above; and

WHEREAS, the Agreement provided for, among other things, terms of payment for the equipment which was the subject of the Agreement; and

WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1. Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
   a. **Beginning 4/15/2020, three (3) payments of $0.00**
   b. **Beginning 7/15/2020, thirty six (36) payments of $3,675.19**, due on or before the due date each month;

2. Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect.  In the event that this Modification is not strictly adhered to, Creditor reserves the right to revoke this Modification, in which event all payments under the Agreement will be due as originally scheduled.  You agree that a facsimile copy of this Modification as executed by you shall be deemed the equivalent of an originally executed copy for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Leah Chavie Skincare Center, LLC | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | *Leah Ch* | By: | *[signature]* |
| Printed Name: | *Leah Chavie* | Printed Name: | Dan Bocash |
| Title: | *Owner* | Title: | SVP-Client Relations |

THIS IS A COPY
THE ORIGINAL AUTHORITATIVE COPY held
by the designated custodian



## AMENDMENT AND MODIFICATION OF PAYMENT TERMS
### Agreement No. 2422814

This AMENDMENT AND MODIFICATION OF PAYMENT TERMS ("Modification"), between Ascentium Capital LLC, having offices located at 23970 U.S. Highway 59 North, Kingwood, TX 77339 ("Creditor"), and Leah Chavie Skincare Center, LLC,  having offices located at 2457 N HALSTED ST   CHICAGO IL 60614 ("Debtor").

    WHEREAS, the Creditor and Debtor are parties to a certain Agreement  as referenced above (as amended, supplemented or otherwise modified from time to time (the "Agreement"); and

    WHEREAS, the Agreement provides for, among other things, terms of payment for the equipment or other property which was the subject of the Agreement; and

    WHEREAS, the parties desire to amend the terms of payment under the Agreement, on the terms set forth herein.

    NOW, THEREFORE, in consideration of the premises and the covenants and agreements set forth herein, the parties agree as follows:

1.    Amendment of Payment Terms.  The payment terms in the Agreement are hereby amended as set forth herein (sales and/or other taxes shall be added to each payment if applicable):
   a.  **Beginning 08/15/2020, payments of $0.00**
   b.  **Beginning 11/15/2020, regular payments to resume according to the original agreement**
   c.  **On 10/15/2023, a COVID19 modification payment of $3,675.19**

2.    Effect of Amendment.  Except as specifically modified herein, all of the terms, provisions and conditions of the Agreement remain and continue in full force and effect. This Modification may be executed in separate counterparts, which together shall constitute one in the same instrument.  You agree this Modification may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. A copy of this Modification shall be deemed to be an original for all purposes.

IN WITNESS WHEREOF, the parties have set their hands hereto the day and year first above-written.

| Debtor Name: | Leah Chavie Skincare Center, LLC | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | ☒ | By: | |
| Printed Name: | LEAH CHAVIE | Printed Name/Title: | Dan Bocash |

FILED DATE: 10/8/2021 2:36 PM   2021L050445

2956-20200513